IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JADE LICENSING, LLC | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 6:21-cv-01239 |
| v. | ) | |
| | ) | |
| BROCADE COMMUNICATIONS | ) | |
| SYSTEMS, LLC | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Jade Licensing, LLC ("Jade") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,509,622 ("the '622 patent") (referred to as the "Patent-in-Suit") by Brocade Communications Systems, LLC ("Brocade").

**I.      THE PARTIES**

1. Plaintiff Jade is a Texas Limited Liability Company with its principal place of business located at 3333 Preston Road STE 300 #1084, Frisco, TX 75034.

2. On information and belief, Brocade is a corporation organized and existing under the laws of the state of Delaware, with a place of business located at 9606 N Mo Pac Expy, Austin, TX 78759.  On information and belief, Brocade sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Brocade can be served with process at its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE, 19808 or anywhere else it may be found.

1

## II.     JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and (1) "a physical place in the district;" (2) that is "regular and established;" and (3) is a "the place of the defendant." Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.    INFRINGEMENT

### A. Infringement of the '622 Patent

6. On August 13, 2013, U.S. Patent No. 8,509,622 ("the '622 patent", included as an attachment and part of this Complaint) entitled "Optical module and optical communication system" was duly and legally issued by the U.S. Patent and Trademark Office. Jade owns the '622 patent by assignment.

7. The '622 patent provide an apparatus and associated systems and methods for optical modules and optical communications systems.

8. Brocade designs, manufactures, markets and sells optical modules and optical communications systems and devices including, but not limited to, the Brocade Foundry Networks 10G-XFP-LR system, that infringe one or more claims of the '622 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '622 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| US8509622 | Brocade Foundry Networks 10G-XFP-LR ("The accused product") |
|---|---|
| 1. An optical device comprising: | The accused product is an optical device.<br><br>Brocade Foundry Networks 10G-XFP-LR<br>10GBASE-LR/LW 1310nm FTRX-1411D3-F1 SMF<br>Product Code: FTRX-1411D3-F1 SMF<br>Product Brand: Brocade<br>Product Condition: Used<br>Excluding VAT: $128.72<br>Including VAT: $154.47<br><br>https://www.itinstock.com/brocade-foundry-networks-10g-xfp-lr-10gbase-lrlw-1310nm-ftrx-1411d3-f1-smf-30726-p.asp |

|  | <br>https://twitter.com/kwf/status/1263527917822205952 |
|---|---|
| an upper housing, a printed circuit board, a lower housing, and an integrated chip and an optical transceiver module on the printed circuit board, | The accused product is an optical device which comprises an upper housing, a printed circuit board, a lower housing, and an integrated chip and an optical transceiver module on the printed circuit board. |

| | |
|---|---|
| | <br>https://twitter.com/kwf/status/1263527917822205952<br><br><br>https://twitter.com/kwf/status/1263527917822205952 |
| a space between the upper housing and the lower housing accommodating the printed circuit board, | The accused product is an optical device which comprises a space between the upper housing and the lower housing accommodating the printed circuit board, the integrated chip, and the optical transceiver module. |

| | |
|---|---|
| the integrated chip, and the optical transceiver module; and | 

https://twitter.com/kwf/status/1263527917822205952



https://twitter.com/kwf/status/1263527917822205952 |
| a first flexible thermally conductive | The accused product is an optical device, comprising, a first flexible thermally conductive component between the printed circuit board and the lower housing, wherein one surface of the first flexible thermally conductive component is |

6

| | |
|---|---|
| component between the printed circuit board and the lower housing, wherein one surface of the first flexible thermally conductive component is contacted with the integrated chip, another surface of the first flexible thermally conductive component is contacted with the lower housing, and the two surfaces are opposite to each other, | contacted with the integrated chip, another surface of the first flexible thermally conductive component is contacted with the lower housing, and the two surfaces are opposite to each other.<br><br><br><br>http://suddendocs.samtec.com/notesandwhitepapers/samtec_thermal_design_of_qsfp-dd_heatsinks_app_note.pdf<br><br> |

| | |
|---|---|
| | http://suddendocs.samtec.com/notesandwhitepapers/samtec_thermal_design_of_qsfp-dd_heatsinks_app_note.pdf |
| wherein a first surface of the upper housing comprises at least one protrusion which exerts pressure against the printed circuit board to facilitate thermal contact of the integrated chip to the one surface of the first flexible thermally conductive component. | The accused product discloses that a first surface of the upper housing comprises at least one protrusion which exerts pressure against the printed circuit board to facilitate thermal contact of the integrated chip to the one surface of the first flexible thermally conductive component.<br><br>As shown in the design below, the protrusion on the surface on the upper housing, can be assumed to exert pressure against the PCB to ease the contact of the IC and the surface of the thermally conductive component to keep the system intact.<br><br><br><br>https://twitter.com/kwf/status/1263527917822205952 |
| 3. The optical device according to claim 1, wherein a second surface of the lower housing comprises at least one protrusion, | The accused product is an optical device, wherein a second surface of the lower housing comprises at least one protrusion, the protrusion on the second surface being used for supporting the first flexible thermally conductive component and the second surface of the lower housing is close to the first flexible thermally conductive component. |

| | |
|---|---|
| the protrusion on the second surface being used for supporting the first flexible thermally conductive component and the second surface of the lower housing is close to the first flexible thermally conductive component. | <br>https://twitter.com/kwf/status/1263527917822205952<br><br><br>https://twitter.com/kwf/status/1263527917822205952 |
| 4. The optical device according to claim 3, wherein the | The protrusion on the second surface of the lower housing is a heat exchange tooth. |

| | |
|---|---|
| protrusion on the second surface of the lower housing is a heat exchange tooth. | <br>https://twitter.com/kwf/status/1263527917822205952 |

10. These allegations of infringement are preliminary and are therefore subject to change. For instance, there are other of Defendant's products that infringe.

11. Brocade has and continues to induce infringement. Brocade has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., optical modules and optical communications systems/devices) such as to cause infringement of one or more of claims 1–17 of the '622 patent, literally or under the doctrine of equivalents.  Moreover, Brocade has known of the '622 patent and the technology underlying it from at least the date of issuance of the patent or the date of the filing of this lawsuit.

12. Brocade has and continues to contributorily infringe. Brocade has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., optical modules and optical communications systems/devices) such as to cause infringement of one or more of claims 1–17 of the '622 patent, literally or under the doctrine of equivalents. Moreover, Brocade has known of the '622 patent and the technology underlying it from at least the date of issuance of the patent or the date of the filing of this lawsuit.

13. Brocade has caused and will continue to cause Jade damage by direct and indirect infringement of (including inducing infringement of) the claims of the '622 patent.

## IV. JURY DEMAND

Jade hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Jade prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '622 patent;

b. award Jade damages in an amount sufficient to compensate it for Defendant's infringement of the '622 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Jade an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Jade its attorneys' fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.     a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.     award Jade such other and further relief as this Court deems just and proper.

DATED: November 30, 2021        Respectfully submitted,

RAMEY & SCHWALLER, LLP

*/s/William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
Donald Mahoney *(pro hac vice anticipated)*
Texas Bar No. 24046336
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
tmahoney@rameyfirm.com

***Attorneys for Jade Licensing, LLC***